Harold Tessler, J.
By a writing, dated January 18, 1960, the plaintiff purchased from the defendant certain machinery and paid on account of the price the sum of $3,500. The plaintiff now sues to recover said sum besides damages for loss of bargain for the defendant’s alleged breach of the contract.
The answer, in addition to denying the material allegations of the complaint, asserts two counterclaims for damages alleged to have been sustained as the result of the breach of the contract by the plaintiff. Although the answer was served on June 15, 1960, no reply thereto was ever served by the plaintiff.
The defendant has now made two separate motions (1) to dismiss the complaint, pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice, on the ground that it fails to state facts sufficient to constitute a cause of action and (2) for judgment on the counterclaims, to which no reply has been served, and for an assessment of damages by a jury. The plaintiff by cross motion seeks to open its default in serving the reply.
The motion to dismiss the complaint for legal insufficiency is predicated upon the contention of the defendant that the writing embodying the agreement attached to the complaint required the plaintiff to arrange for and effectuate the delivery of the machinery it purchased, whereas the breach pleaded in the complaint is premised on the assumption that it was the defendant’s obligation under the agreement to make delivery of the press.
While the agreement in question expressly provides “ customer will pick up ’ ’, which implies that the plaintiff was obliged to arrange for and bear the expense of the delivery,of the machinery, the court is of the opinion that the breach relied upon by the plaintiff is that the defendant did not have the machinery available for pickup, since it advised the plaintiff that it repudiated the contract and would not deliver for a reason which was not contemplated nor provided for by the agreement. The letter written by plaintiff’s attorney on February 2, 1960 is consistent with this court’s view of the agreement. The language therein used that “ Unless you advise me * * s that you are ready, willing and able to deliver the press in accordance with your contract”, simply means unless the defendant is ready, willing and able to have the press *442 available, in the language of the agreement, to be picked up by the customer — the plaintiff.
It follows that as a matter of pleading the complaint is sufficient, and the motion to dismiss it is denied.
It may not be amiss in passing to remind counsel for the plaintiff that he has failed to submit a brief or memorandum to support the complaint challenged by the defendant, and has not responded to the memorandum of law submitted by the defendant’s attorneys. Inasmuch as the basic issue presented by the complaint and the counterclaims is which of the parties breached the agreement, the motion to open the plaintiff’s default in replying to said counterclaims is granted upon the payment of $10 costs and the service of the reply as proposed on or before December 19,1960.
The defendant’s motion for judgment on said counterclaims is, accordingly, denied unless the plaintiff fails to serve the reply and to pay the costs as aforesaid within the time herein provided, in which event the motion will be granted.